# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Jerrad Robinson,

        Plaintiff,

vs.

Pete Buttigieg, Secretary,
Department of Transportation, and
Steve Dickson, Administrator,
Federal Aviation Administration,

        Defendants.

Civil No: _____

**COMPLAINT**

COMES NOW the above-named plaintiff who states and alleges as and for his Complaint as follows:

## PRELIMINARY STATEMENT

1. This is a federal tort claim action by Plaintiff Jerrad Robinson arising out of his employment with the Federal Aviation Administration (FAA), an operating arm of the United States Department of Transportation, and his decision to retire from the FAA in 2018 based upon what was later learned to be erroneous and negligent representation and determination by the FAA in its Certification Summary of Federal Service of his military service creditable as federal service towards his retirement annuity under the Federal Employees Retirement Service (FERS). As a result of the FAA's negligence, Plaintiff Robinson's monthly FERS retirement annuity is significantly less than the amount he was to receive based on the certification of the FAA.

**PARTIES**

2. Plaintiff Jerrad Robinson (plaintiff), is a 53-year old male who at material times was a resident of Webster, Minnesota. Plaintiff was employed by Defendant Federal Aviation Administration (FAA), an arm of the U.S. Department of Transportation (DOT), from 1997 until his retirement in 2018, as a professional Air Traffic Controller and Manager at the Minneapolis Air Route Traffic Control Center (ZMP ARTCC), 512 Division Street, Farmington, Minnesota 55024.

3. Defendant Pete Buttigieg (Buttigieg) is the Secretary of the U.S. Department of Transportation (Defendant DOT). Defendant DOT is an agency of the United States government that operates the Federal Aviation Administration (FAA).

4. Defendant Steve Dickson (Dickson) is the Administrator of the Federal Aviation Administration (FAA), the employer of Plaintiff. Defendant FAA operated the air traffic control system in Minnesota where plaintiff Robinson was employed at the time of his retirement.

**JURISDICTION**

5. Jurisdiction is based upon 28 U.S. C. Section 1346(b)(1), original jurisdiction, for injury and loss sustained by Plaintiff Robinson caused by the negligent act or omission of an employee, or employees, of the federal Government in the Federal Aviation Administration while acting within the scope of his or her office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff, in accordance with the laws of the state of Minnesota from the Defendants' negligence and the Federal Tort Claim Act, 28 U.S.C. Section 2674. Venue

in the District of Minnesota is proper because Plaintiff is a resident and citizen of the state of Minnesota.

6. Plaintiff has satisfied and exhausted all administrative requirements for presenting his claim to Defendants as required by law in order to commence this action.

## FACTUAL ALLEGATIONS

7. Plaintiff Robinson's active duty federal service began with him serving in the United States Army from June 24, 1985 to August 16, 1985 and June 19, 1986 to August 7, 1986. He received an Honorable Discharge.

8. Plaintiff Robinson served on active duty in the United States Air Force Air National Guard for the following dates: January 28, 1991 to March 5, 1992; June 14, 1992 to February 27, 1992; March 11, 1993 to June 23, 1993; and June 24, 1993 to February 8, 1997, and was honorably discharged. Plaintiff Robinson paid $2,482.53 on August 18, 2000 to Defendants FAA and DOT for his military service deposit, that was accepted by the FAA. The military service time and applicable military service deposit was determined by Defendant FAA.

9. Plaintiff Robinson began working for defendant FAA on September 14, 1997 as an Air Traffic Controller. He continued working for Defendant FAA as an Air Traffic Controller at different GS and AT level pay grades that increased during the tenure of his employment with the FAA, finishing as an FAA Operations Manager, effective May 31, 2018.

10. Plaintiff's service time was calculated for military service credited as Federal service. He completed and submitted all requested applications, orders, and evidence of his military service, and deposit due and paid, for purposes of calculating the

3

amount of time to be credited to his federal service history.  His high 3 salary calculation was $183,229.

11.  Plaintiff Robinson signed his application for immediate retirement on April 9, 2018.  Upon Plaintiff Robinson submitting all documentation of his service for purposes of calculating and determining his federal service to be used in calculating the amount of monthly retirement pay benefits to Plaintiff through the Federal Employees Retirement System (FERS), Defendant FAA issued a Certified Summary of Federal Service (CSFS) dated April 26, 2018.  The CSFS including a detailed listing of plaintiff's verified service history documented in official personnel records in Section B of the document.

12.  The Certified Summary of Federal Service for plaintiff Robinson included the Agency Certification in Section D.  This Section of the CSFS included the following statement by an official of the FAA:

> I certify that the information on this form accurately reflects verified information contained in official records and that the applicant has sufficient service to be entitled to an annuity.  I further certify that all required documentation  in support of this application is attached, accurate and complete.

The CSFS form contained the signature of the authorized agency personnel official and was dated April 26, 2018.   The certification indicated the FAA's determination of Plaintiff's federal service was correct.

13.   Defendant FAA granted credit and certified over five years of Plaintiff's U.S. Air Force National Guard Title 32 U.S.C. Section 502(F), 503(c), 505 as federal service.  All of the Plaintiff's Title 32 military service was credited as federal service in the CSFS.  Plaintiff Robinson's retirement benefits were to commence on June 1, 2018.

14.  Based upon the information verified by Defendant FAA in the Certified

Summary of Federal Service (CSFS) for Plaintiff Robinson, he was provided a total amount of federal service credited to him for purposes of determining his monthly FERS payment upon retiring from the FAA as of May 31, 2018.  He was informed his federal service and total FERS Service Credit amounted to 27 years, one month, and 16 days.  This would have paid Plaintiff a gross monthly annuity amount of $6,273.

15.   Plaintiff's final decision to retire from the FAA was based upon the federal service credited to him by Defendant FAA and the higher monthly payments he would receive.

16.   Defendant FAA knew or should have known the method to properly and accurately calculate and determine Plaintiff Robinson's creditable federal service for purposes of completing the Certified Summary of Federal Service form dated April 26, 2018.  Defendant FAA nevertheless negligently calculated and certified Plaintiff Robinson's Certified Summary of Federal Service by erroneously calculating and determining creditable federal service for Plaintiff Robinson that is reflected in the CSFS of April 26, 2018.

17.   After submitting his notice of retirement to Defendant FAA that was approved, Plaintiff Robinson retired from the FAA on May 31, 2018.  Upon his retirement, he was to be paid the monthly FERS benefit by the Office of Personnel Management (OPM) based upon the Certified Summary of Federal Service prepared by the FAA. The monthly annuity payments for his retirement from the FAA were to commence on June 1, 2018.

18.  Plaintiff began receiving his interim FERS annuity payments issued on or about June 1, 2018.  Plaintiff was paid $5,706.00 gross per month.

19. Plaintiff Robinson received a letter of June 25, 2018 from the United States Department of the Interior, Office of the Secretary, Interior Business Center, Payroll Operations Division, informing him that "The official records of your retirement deductions withheld by your agency have been certified correct and have been sent to the United States Office of Personnel Management (OPM) via a Register of Separations."

20. Plaintiff Robinson was contacted by the United States Office of Personnel Management (OPM) and provided a personalized booklet describing his monthly benefits in 2019. The OPM notified Plaintiff that his gross monthly benefit changed on December 1, 2018 to $5,176.00. He was notified of further adjustments of subtractions of $236.52 for Health Insurance Premium, $510.06 for Federal Income Tax, plus an addition of FERS Benefit Supplement of $1,027.00, for a net monthly benefit of $5,456.42. The OPM indicated that the monthly benefit amount was based upon its determination that Plaintiff's retirement records showed military service of 3 months, sick leave of 780 hours, for a Total Federal Service of 21 years, 04 months. This calculation of creditable federal service for his military duty was significantly less than the amount stated by the FAA in the Certified Summary of Federal Service of April 26, 2018.

21. Plaintiff Robinson elected to provide survivor benefits to his spouse, Renee J. Robinson.

22. Plaintiff's FERS annuity is eligible for annual cost-of-living adjustment (COLA)increases that will increase his annuity and survivor benefits.

23. Upon reviewing the OPM booklet setting forth the net monthly benefit amount of $5,456.42, Plaintiff Robinson contacted the OPM about the discrepancy in the total federal service credited to him and the net monthly annuity amount.

24. Plaintiff proceeded with his rights at the OPM. Eventually, the OPM adjusted and recomputed Plaintiff Robinson's annuity under the Federal Employees Retirement System (FERS) to give him credit for National Guard Technician Military (Title 10) service for the period of January 5, 1995 to May 5, 1995, for a total of 7 months and 13 days of military service. This amount was significantly less than the 6 years and 2 days certified by Defendant FAA and amounted to an error by Defendant FAA of 5 years, 4 months, and 19 days in Plaintiff's creditable federal service towards his FERS annuity. The OPM notified Plaintiff of this determination by letter of April 30, 2020. This changed Plaintiff's gross rate from $5,258.00 to $5,319.00 effective June 1, 2020 for May. He also received a one-time payment of $1,385.00 minus federal taxes. The retroactive payment covered annuity due to the Plaintiff June 1, 2018 through April 30, 2020.

25. The final decision by the OPM was issued on or about April 30, 2020, and was received by Plaintiff via delivery by the U.S. Postal Service on June 1, 2020. The decision by the OPM left Plaintiff's monthly FERS annuity amount at a gross monthly payment of $5,319.00.

26. Plaintiff Robinson presented his claim to the FAA in writing on or about July 13, 2020, after exhausting all administrative options with the United States Office of Personnel Management (OPM). An error had been made by Defendant FAA in Plaintiff's FERS annuity determination and calculation per a letter of March 18, 2019. Plaintiff requested reconsideration on April 3, 2019. On June 1, 2020 a final determination was made by the OPM that verified the error by the FAA. The OPM's legal counsel informed Plaintiff that his recourse for the error was with the FAA.

Plaintiff then sent his written letter of July 13, 2020 to the FAA's Benefits Operations Center (BOC) setting forth the error and Plaintiff's claim seeking all benefits. Plaintiff encountered difficulties communicating with the federal government during this time in the midst of the COVID 19 pandemic. Upon information and belief federal offices were not fully staffed. Defendant FAA's legal counsel in Washington, D.C., eventually responded to Plaintiff in December 2020 by engaging in negotiations with Plaintiff and his attorney, and requesting extensions of time for doing so, to try to resolve the claim. These negotiation efforts continued into October, 2021.

27. Plaintiff Robinson would not have finalized his resignation from the FAA in May of 2018, but for the erroneous and negligent information set forth in Defendant FAA's Certified Summary of Federal Service (CSFS) of April 26, 2018 for the amount of total creditable federal service listed. He relied upon the certified information by Defendant FAA in the CSFS of April 26, 2018.

28. Plaintiff Robinson will continue to be paid his monthly annuity payment from FERS until his date of death in the future, plus applicable annual adjustments for cost of living (COLA). Plaintiff has a life expectancy of over 27 years. Because of the erroneous and negligent calculation and determination of creditable federal service to Plaintiff Robinson reflected in the Certified Federal Service Summary of April 26, 2018, Plaintiff will be paid less per month, less per year, and less for the duration of his lifetime. Plaintiff's spousal payments and applicable benefits would likewise be less.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF FEDERAL TORT CLAIMS ACT (FTCA)

29. Plaintiff realleges paragraphs 1 through 28 and incorporates them herein.

8

By virtue of the above-described conduct, Defendants negligently certified Plaintiff's FERS federal service for receipt of his retirement annuity to show 27 years, 1 month, and 16 days of creditable federal service in violation of the FTCA, 28 U.S.C. Section 2674, causing injury, loss, and damages to Plaintiff, past and future.  As a result of Defendants' negligence, Plaintiff Robinson has been injured and sustained damages and loss in his FERS benefits, pain and suffering, and will continue to sustain future damages and loss, in excess of $75,000.00.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For damages in excess of $75,000.00 under Count I;

2. For pre-judgment and judgment interest on all amounts awarded.

3. For attorney's fees and costs as permitted by law.

4. For such other and further relief as the Court deems just and equitable.

**STEPHEN C. FIEBIGER LAW OFFICE, CHARTERED**

Dated:  December 31, 2021              s/Stephen C. Fiebiger
                                       Stephen C. Fiebiger (#0149664)
                                       3000 West County Road 42
                                       Suite 310
                                       Burnsville, MN 55337
                                       (952) 746-5171
                                       fieblaw@earthlink.net

**ATTORNEY FOR PLAINTIFF**